UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JUAN CARLOS GIL, an individual,
and
ACCESS 4 ALL, INC., a Florida not
For Profit Corporation,

      Plaintiffs,

v.

STRAWBERRY SQUARE
DEVELOPMENT CORPORATION,
a Pennsylvania Business Corporation.

      Defendant.
_____/

CASE:

# COMPLAINT

Plaintiffs, and JUAN CARLOS GIL (hereinafter "Gil") and ACCESS 4 ALL, INC. (hereinafter "Access"), on behalf of themselves and all other persons similarly situated (collectively hereinafter "Plaintiffs"), hereby sue, STRAWBERRY SQUARE DEVELOPMENT CORPORATION, a Pennsylvania Business Corporation (hereinafter, "Defendant") and as grounds allege:

## INTRODUCTION

1. Plaintiff, Gil, suffers optic nerve damage, is legally blind, suffers from cerebral palsy, is unable to walk, and is confined to a wheelchair. Therefore, Plaintiff is substantially limited in performing one or more major life activities, including (but not limited to) accurately visualizing his world and adequately traversing obstacles.

2. Plaintiff, Access, is a non-profit corporation formed under the laws of the State of Florida. Access maintains its principal office at 8275 SW 152 Ave Suite 316 Miami, FL 33193.

1

3. This is an action for injunctive and declaratory relief, attorneys' fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12181, et seq., (the "ADA") and the regulations implementing the ADA set forth in 28 C.F.R. §§ 36.201 and 36.302.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

6. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. At all times material, Defendant owned, leased, leased to, and/or operated one or more Commercial Property(ies) located at 320 Market Street Harrisburg, PA 17101 (hereinafter the "Commercial Property").

8. Venue is properly located in the Middle District of Pennsylvania pursuant to 28 U.S.C.A. § 1391(b) in that all events giving rise to this lawsuit occurred in Harrisburg, Dauphin County, Pennsylvania.

9. Defendant's Commercial Property at issue in this matter and the business therein are located in and around the Harrisburg, Dauphin County area. The Defendant regularly conducts business within Dauphin County area, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Dauphin County area.

## THE PARTIES

10. Plaintiff, Gil, is an individual over eighteen years of age, and is otherwise *sui juris*. Plaintiff is "disabled" and has at all times herein suffered from a "qualified disability" as defined by the ADA.

11. Plaintiff, Gil, is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§36.101 *et seq.* and in 42 U.S.C. 3602, §802(h).

12. Plaintiff, Access, is a non-profit corporation formed under the laws of the State of Florida. Members of its organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Access and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. Access has also been discriminated against because of its association with its disabled members and their claims.

13. Defendant is a corporation organized and existing under the laws of the State of Pennsylvania and authorized to do business in the State of Pennsylvania.

## FACTUAL ALLEGATIONS

14. Plaintiff, Gil, is an advocate for the rights of blind and wheelchair bound disabled individuals (like himself). Plaintiff travels around the U.S., including to events aimed at, or geared toward, people with disabilities.

15. Although Plaintiff Gil currently lives in South Florida, he is associated with of the Capital Chapter of the National Federation of the Blind ("NFB"), Pennsylvania affiliate. The Capital Chapter focuses on the areas of Harrisburg and Central Pennsylvania. Plaintiff travels to Harrisburg not only to attend official gatherings of the Capital Chapter, but also to visit close friends in and around Harrisburg.

16. When Plaintiff Gil travels to areas in and around Pennsylvania, New Jersey, and New York, after arriving by plane, he typically relies on local and regional passenger trains such as Amtrak, and other rail service, for transportation throughout the area. Reasons for Plaintiff's use of train/rail transportation include, but are not limited to, convenience and reasonable cost. When Plaintiff travels to Harrisburg, he typically arrives and departs via train at the Harrisburg Train Station.

17. The Commercial Property is located in close vicinity of the Harrisburg Train Station and makes it a convenient option when Plaintiff visits Pennsylvannia.

18. When visiting Harrisburg, Gil enjoys visiting the Commercial Property's restaurants and shops. Plaintiff, Gil, visited the Commercial Property on August 6, 2024 to dine with a friend.

19. Plaintiff, Gil, plans to return to Harrisburg in the upcoming months, for meetings held by the National Federation of the Blind of Pennsylvania. During these visits, Plaintiff desires and intends to enjoy the amenities offered at the Commercial Property if Defendant make the Commercial Property readily accessible to, and usable by, individuals with disabilities to the extent required by the ADA.

## COUNT I – ADA VIOLATIONS

20. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through

4

19 above as though fully set forth herein.

21. Defendant has discriminated against Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, *et seq.*

22. Defendant has discriminated, and continues to discriminate, against Plaintiffs in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiffs encountered during their visits to Defendant's Commercial Property includes, but is not limited to, the following:

A. Parking and Exterior Routes

   i. Parking spaces and access aisles throughout the Walnut Street Garage contain excessive slopes, violating §502.4 of the 2010 ADA Standards for Accessible Design.

   ii. Van designated spaces lack the required vertical clearance, violating §502.5 and 502.6 of the 2010 ADA Standards for Accessible Design.

   iii. Doors on the accessible route from parking spaces lack required maneuvering clearance, violating §404 of the 2010 ADA Standards for Accessible Design.

   iv. Ramps at the Walnut Street Garage lack proper landings, violating §405 of the 2010 ADA Standards for Accessible Design.

   v. The route clear width from parking spaces is obstructed due to a policy reducing the width to less than 32 inches, violating §403 of the 2010 ADA Standards for Accessible Design.

B. Interior Routes

   i. Ramps lack proper handrails on each side, violating §405 of the 2010 ADA Standards for Accessible Design.

C. <u>Access to Goods and Services</u>

  i. Less than 5% of all seating in Strawberry Square is accessible, violating §226 of the 2010 ADA Standards for Accessible Design.

  ii. Dining surfaces throughout the plaza lack proper knee clearance, violating §306 and 902.2 of the 2010 ADA Standards for Accessible Design.

  iii. Check-out counters heights in cafeteria are set higher than prescribed limits, violating §306 and 902.2 of the 2010 ADA Standards for Accessible Design.

  iv. Dining counters are set higher than the prescribed limits, violating §902.3 of the 2010 ADA Standards for Accessible Design.

D. <u>Restrooms</u>

  i. Restroom signs violate several requirements of §703 of the 2010 ADA Standards for Accessible Design.

  ii. Restroom door lacks pull side maneuvering clearance, violating §404.2.4 of the 2010 ADA Standards for Accessible Design.

  iii. Changing station is mounted beyond reach, violating §308 of the 2010 ADA Standards for Accessible Design.

  iv. Restroom compartment lacks compliant grab bars, violating §604.2 of the 2010 ADA Standards for Accessible Design.

  v. Water closet is set at a distance of more than 18 inches from side wall, violating §604.2 of the 2010 ADA Standards for Accessible Design.

  vi. Compartment doors lack required hardware, violating §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

<u>Relief Sought and the Basis</u>

23. The discriminatory violations described in this Complaint are not an exclusive list of Defendant's ADA violations. Plaintiffs request an inspection of Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice.

24. The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendant's Commercial Property and the businesses within the Commercial Property; and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

25. Defendant has discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable

modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

26. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. A defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or waived by Defendant.

29. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to alter the property where Defendant operates its business(es), located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible

and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

30. Plaintiffs pray for judgment as set forth below.

**WHEREFORE**, the Plaintiffs respectfully request:

a. the Court issue a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

c. an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205; and

d. such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated this 15th day of July, 2025.

                                                Respectfully Submitted,

*/s/ Joseph M. Horn*_____
Joseph M. Horn, Esq.
Pennsylvania Bar: 313384
Law Office of Joseph M. Horn
500 Lake Street, Suite D
Ramsey, New Jersey 07446
T: 201-884-6000
F: 201-205-1382
E: hornesq@gmail.com
*Attorneys for Plaintiffs*
Local Counsel


*/s/ John A. Salcedo*_____
John A. Salcedo, Esq.
Florida Bar No.: 14665
The Mineo Salcedo Law Firm, P.A.
5600 Davie Road
Davie, FL 33314
T: 954.463.8100
E: jsalcedo@mineolaw.com
Attorney for Plaintiffs
Pro Hac Vice Motion to Follow

10